S. LANE TUCKER
United States Attorney

STEVE SKROCKI
CHARISSE ARCE
Assistant United States Attorneys
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Steve.Skrocki@usdoj.gov
 Charisse.Arce@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES KNIGHT,<br><br>Defendant. | ) No. 3:22-cr-00039-MMS<br>)<br>)<br>)<br>) **PLEA AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the Defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The Defendant agrees to plead guilty to the following count(s) of the Information in this case: Count 1: Wildlife Trafficking Conspiracy, in violation of 18 U.S.C. § 371.

The parties jointly recommend a sentence of two years unsupervised probation, a $2,000.00 USD donation to a non-profit organization located in the Philippines which does coral reef restoration and repair, and no term of incarceration. The parties jointly recommend the Court order, as a special condition of probation, that the Defendant may not import or export any fish or wildlife for which a license issued by the U.S. Fish & Wildlife Service is required by law, nor apply for a permit from the U.S. Fish & Wildlife Service to import or export any fish or wildlife. The parties jointly recommend the Court order the Defendant to post a public service announcement on the Defendant's Facebook page as described in this agreement.

The United States agrees not to prosecute the Defendant further for any other offense related to the event(s) that resulted in the charge(s) contained in the Information.

The Defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The Defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the Defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

The Defendant agrees to plead guilty to the following count(s) of the Information: Count 1: Wildlife Trafficking Conspiracy in violation of 18 U.S.C. § 371.

### B. Elements

The elements of the charge(s) in Count 1, to which the Defendant is pleading guilty, are as follows:

1. Beginning on or about March 2, 2018 and ending on or about August 22, 2018, there was an agreement between Knight and G.A.B. to import into the United States, wildlife which, in the exercise of due care the defendant knew or should have known was unlawfully purchased in violation of Philippines law;

2. The defendant joined in the agreement, knowing of its purpose, and intending to help accomplish that purpose; and

3. One of the members of the conspiracy performed at least one overt act on or after March 2, 2018 for the purpose of carrying out the conspiracy, including those shipments listed in the Factual Basis.

C. **Factual Basis**

The Defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Unindicted Coconspirator G.A.B. is a citizen of the Republic of the Philippines, and a resident of Bacoor, Cavite, Luzon, Philippines. At all times relevant to this plea agreement, unindicted coconspirator G.A.B. would dive upon coral reefs in the Philippines to collect corals for sale abroad. Unindicted coconspirator G.A.B. would unlawfully dive and collect and would pay others to unlawfully dive and collect for sale "*Chalices*", '*Cans,*" "*Acans*", *Zoanthids* or "*Zoas*", *mushroom* or '*Shroom' corals*, and *Ricordea yuma*, also known as a '*yuma*' corals and other prohibited corals and animal species including but not limited to *Tridacna gigas*, otherwise known as a giant clam, considered an endangered species by the Philippine government.

JAMES KNIGHT was a resident of the state of Michigan, who sold coral fragments online via a Facebook business entitled *CJ Corals* which JAMES KNIGHT manages and hosts. From on or about March 2, 2018, and continuing up to on or about August 22, 2018, unindicted Co-conspirator G.A.B. did gather, possess, sell and export precious and semi-precious corals to JAMES KNIGHT and at least 9 other United States

citizens in violation of the Philippines Fisheries Code, Section 96, and the Lacey Act. Many of the corals shipped, due to the method of shipment designed to conceal the illegal contents, died en route from the Philippines, through Alaska, to their destination although many survived for resale by JAMES KNIGHT to online customers.

Specifically, from March 12, 2018, continuing up to on or about August 22, 2018, unindicted coconspirator G.A.B. illegally sold, exported, and had shipped more than 4 shipments consisting of more than 350 corals to JAMES KNIGHT for commercial resale. In August 2018, coconspirator G.A.B. was arrested by Philippine authorities for the illegal gathering, possession, sales and undocumented exporting of ordinary, precious, and semi-precious corals from Philippine coral reefs. During all times relevant to the conspiracy, JAMES KNIGHT, through his business Facebook page, *CJ Corals*, intended and did sell the coral imported, purchased and received from unindicted coconspirator G.A.B., and in fact placed and prepaid orders for corals with G.A.B. via Facebook Messenger.

From or about March 12, 2018, and continuing up to on or about August 22, 2018, in the District of Alaska and elsewhere, the JAMES KNIGHT did knowingly transport and import corals from via G.A.B. from the Philippines which had been sold in violation of the laws of the United States as shown below:

| Shipment # | Shipment Date | Corals | Number of Bags of Coral Fragments | Items Declared/Value by G.A.B |
|---|---|---|---|---|
| 1 | March 15, 2018 | Chalices | 126 | Plastic and Paper Items $27 |
| 2 | April 18, 2018 | Chalices, Acans | 90 | Plastic and Paper Items $20.50 |
| 3 | May 24, 2018 | Chalices | 114 | Plastic and Paper Items $27 |
| 4 | June 29, 2018 | Chalices | 57 | Plastic and Paper items $20 |

U.S. v. JAMES KNIGHT

Page 5 of 18
Case 3:22-cr-00039-MMS   Document 23   Filed 10/03/22   Page 5 of 18

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the Defendant is pleading guilty, based on the facts to which the Defendant will admit in support of the guilty plea(s), are as follows:

Count 1: Wildlife Trafficking Conspiracy, a violation of 18 U.S. C. § 371, misdemeanor:

1) Imprisonment of not more than one year;

2) A fine of not more than $100,000;

3) Probation of no longer than five years; and

4) A mandatory special assessment of $25.00.

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the Defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the Defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C.

§ 3663A (mandatory restitution for certain crimes) applies, the Court shall order the Defendant to pay restitution.

b. **Payment of Special Assessment**

The Defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

E. **Restitution**

Restitution is not applicable to this case.

F. **Forfeiture**

There is no forfeiture in this prosecution.

G. **Donation to Philippine Based Non-Profit Organization for Coral Reef Restoration and Repair**

As part of this plea agreement, by imposition of sentence, the parties agree that the Defendant will pay $2,000.00 to a non-profit organization, based in the Republic of Philippines which specializes in coral reef restoration and repair. The name of the non-profit, and relevant account information for the defendant to pay the donation, will be available and provided for the record by imposition of sentence.

H. **Joint recommendation for public service announcement**

The parties jointly recommend the Court order the Defendant to prominently publish the following notice on both his business Facebook pages, and not remove it during the first six months of the period of his probation:

## DON'T IMPORT ILLEGAL CORAL

I paid a man in the Philippines hundreds of dollars to smuggle me hard corals over many months. The U.S. Fish & Wildlife Service intercepted the packages. The U.S. Attorney's Office in Alaska charged me with Wildlife Trafficking Conspiracy in violation of the Lacey Act, which makes it a federal crime to illegally buy and import hard corals from the Philippines for sale in the United States. I have pleaded guilty for this crime because I did the things the government said I had done.

One of the conditions of my sentence is to publish this announcement. Wild corals are critically important to marine and seaside communities alike and reefs are threatened by illegal harvesting for commercialization. Don't illegally import corals and confirm that your corals are legally collected. Illegally harvesting coral for sale contributes to their extinction while harming the marine and shoreside ecosystems. For more information, see: https://www.fws.gov/international/animals/coral.html

### III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

#### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the Defendant is pleading

guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

    **B.    Guideline Application Agreements**

The parties have no agreements on any guideline applications unless set forth below in this section.

    **1.    Acceptance of Responsibility**

If the United States concludes that the Defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the Defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the Defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

    **C.    Sentencing Recommendations**

The United States Probation Office will prepare the Defendant's pre-sentence report in which it will include a recommended calculation of the Defendant's sentence range under the U.S.S.G. Both the United States and the Defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

U.S. v. JAMES KNIGHT

The parties jointly recommend a sentence of probation of two years of unsupervised probation, a $2,000.00 donation to a non-profit organization based in the Philippines which does restoration and rehabilitation work on coral reefs in the Philippines. The parties jointly recommend no incarceration, and that the Court order, as a special condition of probation, that the Defendant may not import or export any fish or wildlife for which a license issued by the U.S. Fish & Wildlife Service is required by law, nor apply for a permit from the U.S. Fish & Wildlife Service to import or export any fish or wildlife. The parties also agree that the defendant issue a public service announcement as written and included in this agreement.

The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the Defendant's guilty plea(s) and the Court's acceptance of the Defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the Defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and the Defendant's admissions set forth in Section II.C.

Provided, however, if the Defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for

any reason, the United States will be free to prosecute the Defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The Defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the Defendant waives these trial rights:

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the Defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the Defendant at trial –

- the Defendant is not waiving the right to have counsel continue to represent the Defendant during the sentencing phase of this case;
- The right to confront and cross examine witnesses against the Defendant, and the right to subpoena witnesses to appear in the Defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the Defendant, and the right to testify in the Defendant's own behalf; and
- The right to contest the validity of any searches conducted on the Defendant's property or person.

**B.  Appellate Rights**

The Defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The Defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the Defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The Defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to Defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which Defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support Defendant's plea[s] of guilty.

The Defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the Defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The Defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the Defendant and which, in the exercise of reasonable diligence, could not be known by the Defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the Defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the Defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The Defendant agrees that the

statements made by him in signing this agreement shall be deemed usable and admissible against the Defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f), and is effective upon the Defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The Defendant has the right to enter a plea before a United States District Court Judge. The Defendant, defense counsel, and the attorney for the Government consent to have the Defendant's plea(s) taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The Defendant agrees that if the Defendant is pleading guilty to an offense described in Title 18, United States Code, Section 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the Defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The Defendant further agrees not to seek release at any time

between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

G. **Case to be resolved by one video teleconference hearing.**

Per §§ 15002(b)(1) and (4) of the Coronavirus Aid, Relief, and Economic Security Act, PL 116-136, the parties consent to, and jointly move the Court to hold, one consolidated hearing if possible, presided over by a United States Magistrate Judge in the District of Alaska, with the Defendant, defense counsel, and counsel for the Government appearing by video teleconference, at which the following will occur:

1) Misdemeanor plea and sentencings as described in Rule 43(b)(2) of the Federal Rules of Criminal Procedure.

The parties agree that the Defendant does not need to travel to the District of Alaska for change of plea, and sentencing.

H. **Agreement to venue in the District of Alaska**

The parties agree that venue is appropriate in the District of Alaska pursuant to 18 U.S.C. § 3237(a) because the unlawfully imported coral moved into and through the District of Alaska.

The Defendant consents to venue in the District of Alaska. The Defendant waives all rights have venue transferred elsewhere, regardless of whether such rights arise under the Constitution, the United States Code, the Federal Rules of Criminal Procedure, or any other law.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the Defendant's case if the Defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, JAMES KNIGHT, the Defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this

agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the

statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1: Wildlife Trafficking, in violation of 18 U.S.C. § 371 of the Information.

DATED: 9-26-22

James Knight
Defendant

As counsel for the Defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the Defendant, have fully explained the charge(s) to which the Defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the Defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the Defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the Defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 10-3-22

Michelle Nesbett
Attorney for Defendant

On behalf of the United States, the following accepts the Defendant's offer to plead guilty under the terms of this plea agreement.

S. LANE TUCKER
United States of America
United States Attorney

DATED: October 3, 2022

Steven C. Skrocki

STEVE SKROCKI
CHARISSE ARCE
Assistant U.S. Attorneys

U.S. v. JAMES KNIGHT